UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JEFFREY HOWARD, )<br>)<br>Petitioner, )<br>v. )<br>)<br>JOHN REES, COMMISSIONER )<br>KENTUCKY DEPARTMENT OF )<br>CORRECTIONS COMMONWEALTH )<br>OF KENTUCKY; )<br>and )<br>HON. LARRY ROSS, JUDGE WARREN )<br>CIRCUIT COURT; HON. LILLIE ANN )<br>SELLS, JUDGE OVERTON CIRCUIT )<br>COURT, ATTORNEY GENERAL FOR THE )<br>STATE OF TENNESSEE; )<br>)<br>Respondents. ) | No.    4:06-CV-74<br><br>*Mattice* |

**MEMORANDUM**

Jeffrey Howard ("Howard"), an individual who was confined by the Kentucky Department

of Corrections ("KDOC") at the Bell County Forestry Camp in Pineville, Kentucky, filed a *pro se*

writ of habeas corpus pursuant to 28 U.S.C. § 2241which the United States District Court in the

Eastern District of Kentucky transferred to this Court [Court File No. 1].  Howard claims violations

of the Interstate Agreement on Detainers ("IAD") by the State of Tennessee and requests the

Tennessee charges be dismissed and the detainers removed.  Presently pending before the Court is

respondent's motion to dismiss which will be **GRANTED** as explained below (Court File No. 6).

Petitioner has not opposed the motion to dismiss.[1]

---

[1]        "Failure to respond to a motion may be deemed a waiver of any opposition to the
relief sought."  LR 7.2.

On March 29, 2006, Howard initiated this habeas corpus proceeding in the United States District Court for the Eastern District of Kentucky. At that time, Howard was incarcerated at the Bell County Forestry Camp in Pineville, Kentucky and two Tennessee courts had lodged detainers with Howard's custodians at the Kentucky institution. Howard, consistent with the procedures under the IAD, signed all the proper forms supplied him by the warden to request disposition of the untried charges. In addition, Howard subsequently filed motions to dismiss the charges in the state courts. At the time the case was transferred to this Court, it appeared that Howard's state motions were pending.

In his habeas petition, Howard challenges his continued restraint as the result of the two detainers lodged against him by the State of Tennessee, one of which is from Warren County, the subject of this instant matter. The record reflects that the district attorney had the Warren County warrant dismissed on May 4, 2006[Court File No. Court File 6-12, at 21-22]. Subsequent to the transfer of this case to the Court, the Warren County prosecutor sent a letter to the Kentucky authorities on January 25, 2007, requesting that the detainer be withdrawn [Court File No. 6-12, at 26].[2] The record reflects Howard completed his sentence for the Kentucky offense and was scheduled to be released on February 1, 2007 [Court File No. 6-12, at 2].

These developments render Howard's claims of unlawful restraint moot since the conditions giving rise to this petition no longer exist. The only relief sought was an order from the Warren

---

[2]     Respondent contends Howard has completed his Kentucky sentence and there are no longer any restraints on him from Tennessee, thus he is not restrained of his liberty for purposes of the habeas corpus statutes. Howard has not filed any opposition to the motion to dismiss and nothing in the record indicates that Howard is presently under any restraint as a result of the Warren County warrant or detainer.

County court dismissing all outstanding charges and the removal of the Warren County detainer. The record reflects Warren County dismissed the charges and requested the detainer be withdrawn.

Accordingly, as Howard is not in custody pursuant to the Warren County detainer, his petition for habeas corpus will be **DISMISSED**.

A judgment will enter.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
